SAMUEL, Judge.
Plaintiff, an artist, filed this suit for the purchase price of two paintings, attorney’s fees and damages, a total of $6,300, against Al Hirt Enterprises, Inc., Alois M. Hirt, Jr. and Max Hill. The three defendants filed exceptions. The exceptions filed by the corporate defendant and Alois M. Hirt, Jr., were overruled and are not before us. Plaintiff has prosecuted this appeal from a judgment maintaining Max Hill’s exception of no cause of action and dismissing the suit against that defendant.
The petition, as amended on one occasion prior to trial of the exceptions, alleges substantially -the following: Holding himself out as an agent for the other two defendants, Hill induced plaintiff to paint two large pictures to be entered In an art competition. The purpose of the competition was to acquire a collection of paintings to be hung in a club apparently operated by the other defendants. Hill informed plaintiff that any painting selected in the competition would be purchased for a minimum of $150 and, if submitted before a specified date, for an additional bonus of $250. Plaintiff did submit his two paintings before the date specified and both were selected by the defendants. However, plaintiff was tendered an A1 Hirt Enterprises, Inc., check for only $300 as payment for both paintings, which tender he refused. The tender was made in Hill’s place of business. The market value of the paintings ranges from $350 to $500 each.
After the rendition of the judgment appealed from the remaining two defendants, A1 Hirt Enterprises, Inc., and Alois M. Hirt, Jr., filed answers denying liability on their part and also denying that Hill had acted as their agent.
Plaintiff concedes that Hill, under the petitions an agent representing a disclosed principal, is liable to the plaintiff with whom he has contracted on his principals’ behalf only if he has exceeded his authority or has acted fraudulently. See LSA-C.C. Arts. 3010 and 3013. He argues the petitions contain allegations of fraud and misrepresentation sufficient to state a cause of action against Hill on that ground. The trial court judgment is based on a finding that the allegations in both the petition and the amended petition are insufficient to state a cause of action based on fraud, particularly under LSA-C.C.P. Art. 856 which provides: “In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally”
We doubt that fraud has been alleged with sufficient particularity as to state a cause of action, particularly in view of *843 the fact, among others, that the petitions do not allege Hill acted in any manner other than as directed by his principals or that he had knowledge of any fraud. However, we find it unnecessary to discuss this question in more detail because on other grounds we must remand the case and authorize the filing of additional pleadings, including amendments, by both parties. Under our holding plaintiff will have an opportunity to amend, including an amendment relative to fraud or misrepresentation, if he so desires.
The petitions are based entirely upon the alleged fact that Hill acted as agent for the other two defendants, A1 Hirt Enterprises, Inc. and Alois M. Hirt, Jr. Prior to the time the judgment dismissing Hill had been rendered and the answers by the other defendants denying Hill had acted as their agent had been filed, plaintiff apparently had no reason to doubt the existence of such an agency and there would have been no reason for him to file pleadings, even in the alternative, based on an absence of authority on the part of Hill. Now there is obvious reason to do so. If the averments of the answers of his co-defendañts are correct and Hill was acting without authority, Hill could be liable even though there is no liability on the part of the other defendants. Hill should remain in the suit as a defendant and the entire controversy should be heard in one trial with the plaintiff and all three defendants before the court. The law abhors a multiplicity of suits and all parties who may be liable for the same cause preferably should be made parties in one suit. We believe it proper to reverse, remand the case for further proceedings, and permit both parties to this appeal to file additional pleadings. And, as a matter of being fair to the trial judge, we note that the necessity of giving plaintiff an opportunity to amend relative to the existence .of an agency between Hill and the other two defendants was not apparent until answers had been filed by the latter after rendition of the judgment dismissing the suit as to Hill.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded to the trial court for further proceedings in conformity with the views herein expressed and in accordance with law. Both parties to this appeal are permitted to file additional pleadings and all costs are to await a final determination.
Reversed and remanded.